IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN ROMERO HERNANDEZ,

    Petitioner,

      v.                                  CIVIL NO. 13-1724 (FAB)

NELSON MERCADO QUINONEZ, et al,

    Respondents.

## REPORT AND RECOMMENDATION

### INTRODUCTION

On September 25, 2013, Petitioner Juan Romero Hernández filed a *pro se* "Petition for *Habeas Corpus* under 28 U.S.C. § 2254" (Docket No. 2) alleging he was being held in custody in violation of his constitutional rights.  Petitioner also filed a supplement to his motion (Docket No. 2-1) as well as a "Motion Supplementing Pleadings Previously Filed" (Docket No. 16)[1].  Respondents are Nelson Mercado Quiñonez, Warden of the Ponce Correctional Institute, Jose Negrón Fernández, Secretary of the Department of Corrections for the Commonwealth of Puerto Rico and Luis Sánchez Betances, former Secretary of the Department of Justice for the Commonwealth of Puerto Rico (collectively "Respondents").

On September 30, 2013, the presiding Judge referred this matter to the undersigned for a Report and Recommendation (Docket No. 6).  Before the Court now is Respondents' Motion to Dismiss (Docket No. 24) in which  they argue that Petitioner's petition for a writ of *habeas corpus* should be dismissed since no violation of any federal constitutional right occurred.

---

[1] This last motion was filed by Petitioner's court appointed counsel, Raymond Rivera, Esq.

Juan Romero Hernández v. Nelson Mercado Quiñonez, et al
Civil No. 13-1724 (FAB)
Report and Recommendation
Page 2

For the following reasons, the undersigned Magistrate Judge recommends that Respondents' Motion to Dismiss be GRANTED and that the petition for writ of *habeas corpus* be DENIED.

## FACTUAL BACKGROUND

Petitioner is a convicted felon housed at the Ponce Correctional Institution in Puerto Rico. On April 26, 2006, he was sentenced to 153 years in prison by the Court of First Instance, Utuado Part, after a jury found him guilty of first degree murder, burglary, conspiracy, motor vehicle theft and violations of several firearm statutes. Petitioner alleges that he is being held in custody in violation of his constitutional rights, as he was not given a fair and impartial trial due to ineffective assistance of counsel during the trial for a variety of reasons.

After sentencing, Petitioner filed an unsuccessful writ of appeal with the Court of Appeals, as well as an unsuccessful writ of *certiorari* to the Puerto Rico Supreme Court. The Court notes that Petitioner's trial attorney, Miguel A. Rodríguez-Cartagena, filed both writs. Petitioner then filed a motion under Puerto Rico Criminal Procedure Rule 192.1, P.R. Laws Ann. tit. 34, App. II, R. 192.1. [2] He alleged ineffective assistance of counsel under a number of different theories, mainly that his trial attorney (the same attorney who had filed the appeals), had neglected to put an essential defense witness on the stand who had exculpatory evidence.

After a three day hearing, the trial court affirmed the conviction. Then, the Puerto Rico Court of Appeals affirmed the trial court via a well-reasoned and thorough opinion.

---

[2] In Puerto Rico, "a petitioner seeking relief under 2254 must complete at least one full round of post-conviction relief by pursuing the remedy provided by Rule 192.1 all the way to the Puerto Rico Supreme Court." Martínez-González v. Rodríguez-Madera, 13–1005, 2013 WL 625312, at * 2 (D.P.R. Feb. 20, 2013) (citation omitted).

Juan Romero Hernández v. Nelson Mercado Quiñonez, et al
Civil No. 13-1724 (FAB)
Report and Recommendation
Page 3

The Puerto Rico Supreme Court also denied the *certiorari* petition presented before it, bringing us to the present petition for *habeas corpus*.

In the motion before the Court, Petitioner seeks relief due to ineffective assistance of counsel alleging: 1) his trial attorney neglected to put an essential defense witness on the stand, who had exculpatory evidence, after he told the jury in opening statements that he would call the witness; 2) counsel failed to adequately investigate the case; 3) counsel failed to request a severance of the trial; and 4) Petitioner was not allowed to take the stand. Petitioner alleges all these actions were taken without his consent. He also posits that the sentence imposed by the Utuado Court abridged his constitutional rights by not permitting him to present the exculpatory evidence at the trial and during the hearing and because the judge made improper comments in the presence of the jury. Finally, Petitioner contends that the Department of Justice somehow violated his rights by fabricating evidence against him and by improperly intervening in Petitioner's executive pardon process.

Respondents move to dismiss the case, alleging Petitioner failed to exhaust administrative remedies as to some claims; failed to establish he received ineffective assistance of counsel; and failed to prove that he was held in custody in violation of his constitutional rights.

As Respondents specifically raised the exhaustion issue, the Court examined Petitioner's state court filings, and found Petitioner had filed a "mixed petition" before this Court, meaning it contained both exhausted and unexhausted claims. The Court of Appeals for the First Circuit has recently reiterated that, when faced with a mixed petition, "the best practice is for the district court to give the petitioner an opportunity to dismiss the unexhausted claims."[3] As such, on October 27, 2014, the Court ordered Petitioner to inform

---

[3] See, DeLong v. Dickhaut, 715 F.3d 382 (1st Cir. 2013).

whether or not he agreed to voluntarily dismiss his unexhausted claims or, on the contrary, he wished to pursue them first at the local level, in which case his claim before this Court would be dismissed without prejudice (Docket No. 50).  On November 5, 2014, Petitioner complied with the order, indicating he wished to voluntarily dismiss all his unexhausted claims and concentrate solely on his exhausted claim, to wit, ineffective assistance of counsel at the trial level for counsel's failure to put an exculpatory witness on the stand. (Docket No. 51).

## STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, federal courts may grant habeas relief after a final state adjudication of a federal constitutional claim only if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C.  2254(d).

In order to obtain a writ of *habeas corpus* from a federal court, a state prisoner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S.Ct. 770, 786–87 (2011).   This is a "difficult to meet ... and highly deferential standard," Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011), as "a state court's factual findings are presumed to be correct unless the petitioner rebuts the presumption with clear and convincing evidence." Companonio v. O'Brien, 672 F.3d 101, 109 (1st Cir. 2012) (*citing*

Juan Romero Hernández v. Nelson Mercado Quiñonez, et al
Civil No. 13-1724 (FAB)
Report and Recommendation
Page 5

28 U.S.C. § 2254(e)(1);  Torres v. Dennehy, 615 F.3d 1, 5 (1st Cir. 2010), *cert. denied*, 131

S.Ct. 1038 (2011)).   The Court finds Petitioner has not met this burden in the case at bar.

## LEGAL ANALYSIS

Since Petitioner has voluntarily dismissed all his unexhausted claims, the Court

addresses the thrust of his claim, namely, that he was not provided effective assistance of

counsel insofar as his attorney failed to present the exculpatory testimony of a witness,

when the lawyer specifically stated during his opening remarks that would do so.

An ineffective assistance of counsel claim is a mixed question of law and fact and

should therefore be reviewed under the "unreasonable application" clause of § 2254(d)(1).

Yeboah–Sefah v. Ficco, 556 F.3d 53, 70 (1st Cir. 2009).  For a defendant to be entitled to

reversal of a conviction pursuant to the standard established in the landmark case of

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), he must make a two part

showing.  First, defense counsel's performance must be deficient, that is, the attorney must

have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed

the defendant by the Sixth Amendment."  Id. at 687.

On top of a flawed performance, there must also be prejudice to the defense. Id. It

must be "reasonably likely" that the result of the criminal proceeding would have been

different, Id. at 696, and that likelihood "must be substantial, not just conceivable."

Harrington, 131 S.Ct. at 792; see also, González–Soberal v. United States, 244 F.3d 273, 278

(1st Cir. 2001) ("[A] reasonable probability is one 'sufficient to undermine confidence in the

outcome.")  Indeed, a respondent's burden is a heavy one, and an ineffective assistance of

counsel showing is not an easy one to make given a federal court's deferential review of the

state court proceedings. Turner v. United States, 699 F.3d 578, 584 (1st Cir. 2012); United

States v. Valerio, 676 F.3d 237, 246 (1st Cir. 2012).

Juan Romero Hernández v. Nelson Mercado Quiñonez, et al
Civil No. 13-1724 (FAB)
Report and Recommendation
Page 6

Strickland further cautions reviewing courts to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance … 'considered to be sound trial strategy …[,]' " Id. at 689 (*quoting* Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)).   Strickland further warns that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Id. at 690 (emphasis added). Thus, "a defendant must allege and demonstrate that his counsel's error clearly 'resulted from neglect or ignorance rather than from informed, professional judgment.' " United States v. Bosch, 584 F. 2d 1113, 1121 (1st Cir. 1978); see also, United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991)(defendant bears the burden of demonstrating deficient performance; performance standard is "to be applied not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented"), and United States v. Ortiz Oliveras, 717 F.2d 1, 3 (1st Cir. 1983)("t]actical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance. [citation omitted.] Only where a defense decision is completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy, is further review into counsel's competence required.")

Petitioner points to United States v. González-Maldonado, 115 F.3d 9 (1st Cir. 1997) for the proposition that announcing a witness and then failing to put him on the stand is a "flawed defense". Id. at 15.  The instant case can be distinguished due to the fact that in González, it was the Court who decided to exclude the testimony at the close of the government's case, after ruling it would allow it.  That is not the case here, where it was counsel for Petitioner who decided against it, as strategic decision and after conversing with the witness for three hours, who stated in no uncertain terms that Petitioner had, in fact,

Juan Romero Hernández v. Nelson Mercado Quiñonez, et al
Civil No. 13-1724 (FAB)
Report and Recommendation
Page 7

participated in the crime.  The defense then stated for the record that it was not going to present the testimony, as it was being brought for other reasons other than to establish that the client (Petitioner) had not participated in the acts for which he was accused.  (Docket No. 24-3, p. 20).  The witness was then made available to the prosecution, who chose not to put him on the stand.  At the Rule 192.1 hearing, Attorney Rodríguez Cartagena further stated that Petitioner had actually admitted to him that he had participated in the crime after he was confronted with the evidence, and that on the day of the trial the alleged exculpatory witness wavered profusely regarding whether or not he would actually take the stand. Id.  Attorney Rodríguez Cartagena then decided, as a strategic defense decision, not to present the testimony of the alleged exculpatory witness.

There is nothing in the current petition that raises issues of ineffective assistance that has not been previously addressed – and resolved – by the Commonwealth courts during the three day hearing and opinion by the trial court and later, in the well reasoned and thoughtful opinion by the Court of Appeals.[4]  The Court must mention, as did the Court of Appeals, that Petitioner had ample time to raise this issue before he rested during his case in chief during his trial in the state court.  Furthermore, it noted that Petitioner did not show any emotional response indicating his objection upon hearing in open court that the testimony of the witness was not going to be utilized.  Further compounding the problem is that the trial court clearly asked Petitioner, at the close of his evidence, if he wished to add anything further and Petitioner again failed to raise this issue.

Later, at the Rule 192.1 hearing, the state court had the opportunity to hear testimony regarding this issue, including that of Petitioner and his former counsel

---

[4] The Court notes that the Puerto Rico Court of Appeals' entire opinion was devoted exclusively to this particular issue, the ineffective assistance of counsel due to failure to present exculpatory testimony.

Rodríguez-Cartagena, and found Petitioner lacked credibility.  After the three day hearing was over, and after hearing all the witnesses, the trial court found that the attorney's performance was adequate.  (Docket No. 24-3 p. 19).  The Court of Appeals likewise found, but not before noting that the trial court was in the best position to weigh the testimony, mannerisms and credibility of the witnesses that had participated therein.  This Court should, therefore, not challenge that reasonable determination.

From the totality of circumstances, and after a careful independent review of the entire record, the undersigned Magistrate Judge opines that Petitioner has failed to show that his counsel's performance fell below an objective standard of reasonableness.  See, González-Soberal v. United States, 244 F.3d 273, 277 (1st Cir. 2001) (explaining that petitioner pressing ineffective assistance claim is required to establish entitlement to relief by preponderance of the evidence).  As it is, Petitioner has had every opportunity at the trial level to attend to this issue and failed to do so on various occasions.

Petitioner submitted in the instant case an "Unsworn Declaration" of Víctor Quiñones Ruiz under penalty of perjury dated February 18, 2014, in which Quiñones asserts that Petitioner was not involved in the murder of José A. Correa-Castro inasmuch as the murder occurred in Quiñones' presence and Petitioner was not present during the murder. Moreover, Quiñones states he was announced as a witness and was never called even though he was available to testify at Petitioner's trial.  (Docket No. 16-1).

The "Unsworn Statement" by Quiñones is a self-serving document which the Court does not credit.  First, it is in clear contradiction to Petitioner's admissions to his counsel, after Petitioner was confronted with the evidence, that Petitioner indeed participated in the commission of the crime, as testified by counsel Rodríguez Cartagena at the Rule 192.1 hearing.  Second, the "Unsworn Statement" was conveniently prepared and submitted by

Juan Romero Hernández v. Nelson Mercado Quiñonez, et al
Civil No. 13-1724 (FAB)
Report and Recommendation
Page 9

Petitioner in February 2014 in support of the instant *habeas corpus* petition. To our knowledge, no "Unsworn Statement" by Quiñones (as to his exculpatory testimony) was submitted as part of the state proceedings. Third, the record does not show that Quiñones was called as a witness on Petitioner's behalf during the Rule 192.1 hearing. Fourth, as stated in the "Unsworn Statement", at the time the statement was subscribed, Quiñones was incarcerated at the Puerto Rico Correctional Facility known as "Máxima Guayama 296" in Guayama, Puerto Rico. Thus, Quiñones, as an inmate, has nothing to lose in drafting a statement under penalty of perjury in favor of a fellow inmate. Finally, Petitioner has not made a proffer as to how Quiñones' testimony, if presented at his trial, would have changed the outcome of the trial in light of the incriminating evidence the state government presented against Petitioner and his participation in the murder.

Thus, even assuming for the sake of the argument that counsel's conduct included an unprofessional error, which none was found in this case, it cannot be concluded that there is any probability, much less a reasonable probability that would be sufficient to undermine confidence in the outcome, that the result of the proceeding would have been any different, but for counsel's unprofessional errors. See, Gardner v. Ponte, 817 F.2d 183 (1st Cir. 1987). It should be noted that an error by counsel, even if professionally unreasonable, does not warrant setting aside a judgment in a criminal case if the error had no effect on the judgment. Strickland, 466 U.S. at 694. Even assuming error, it cannot be found that Petitioner has met the high burden of showing prejudice: "not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and

Juan Romero Hernández v. Nelson Mercado Quiñonez, et al
Civil No. 13-1724 (FAB)
Report and Recommendation
Page 10

substantial disadvantage, infecting his entire trial with error of constitutional dimensions."
United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 1595 (1982).

Thus, Petitioner has failed to meet the Strickland standard inasmuch as he has not
shown that his counsel's performance fell below the objective standard of reasonableness
or that he was prejudiced by the failure to call to the stand a witness with alleged
exculpatory evidence.

Accordingly, the undersigned Magistrate Judge is of the opinion that *federal habeas*
relief is unwarranted. Petitioner's ineffective assistance of counsel claim should, therefore,
be DENIED.

## CONCLUSION

For the reasons stated above, it is recommended that Respondents' Motion to
Dismiss (Docket No. 24) be GRANTED, and the petition for *habeas corpus* (Docket No. 2)
be DENIED.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and
recommendation. See also, Amended Local Rules.  Failure to file same within the specified
time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143,
150–151(1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986) and Paterson-
Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 7th day of November of 2014.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE