**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JUAN ROMERO-HERNANDEZ,

**Petitioner,**

**v.**

NELSON MERCADO-QUIÑONEZ, *et al.,*

**Respondents.**

**CIVIL NO.** 13-1724 (FAB)

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is Juan Romero Hernandez's ("Romero's") petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Docket No. 2.)  Nelson Mercado-Quiñonez, Jose Negron-Fernandez, and Luis Sanchez-Betances ("respondents") moved to dismiss the petition, arguing that Romero failed to exhaust the available state court remedies on some claims and that Romero's petition otherwise fails to state a claim upon which relief can be granted.  (Docket No. 24.)  Romero opposed the motion to dismiss, (Docket No. 33), and voluntarily dismissed his unexhausted claims, leaving only his "ineffective assistance of counsel claim, for failure to put an exculpatory witness on the witness stand," (Docket No. 51 at pp. 1-2).

The matter was referred to Magistrate Judge Camille Velez-Rive, (Docket Nos. 6-7), who issued a Report and Recommendation ("R & R") recommending that respondents' motion to dismiss be granted as to the exhausted ineffective assistance of counsel claim,

(Docket No. 52).  Petitioner Romero objects to the R & R, arguing that his ineffective assistance of counsel claim based on his trial counsel's failure to put an exculpatory witness on the stand *in light of counsel's promise to do so in opening statements* should survive dismissal.  (Docket No. 53.)

As discussed below, the Court modifies in part and rejects in part the magistrate judge's R & R, (Docket No. 52).  After conducting a slightly different legal analysis, the Court agrees with the magistrate judge's recommendation to grant the motion to dismiss as to Romero's exhausted ineffective assistance of counsel claim based on the failure to put an alleged exculpatory witness on the witness stand.  The Court concludes that Romero's ineffective assistance of counsel claim based on an unfulfilled promise to the jury, however, was not exhausted in state court.

Accordingly, respondents' motion to dismiss, (Docket No. 24), is **GRANTED**.  Petitioner Romero's exhausted claim is **DISMISSED WITH PREJUDICE**, and his unexhausted claims are **DISMISSED WITHOUT PREJUDICE**.

## I.  BACKGROUND

On April 26, 2006, the Puerto Rico Court of First Instance, Utuado Division ("Utuado trial court"), sentenced Romero to 153 years in prison after a jury found him guilty of first degree murder, burglary, conspiracy, motor vehicle theft, and violations of firearm statutes.  (Docket No. 2-1 at pp. 1-2.)  The Puerto Rico

Court of Appeals affirmed Romero's convictions and sentences, and the Puerto Rico Supreme Court denied Romero's petition for *certiorari*. Id. at p. 2.

On April 21, 2009, Romero moved for a new trial pursuant to Puerto Rico Criminal Procedure Rule 192.1 ("Rule 192.1"), P.R. Laws Ann. Tit. 34, App. II, R. 192.1.[1]  (Docket No. 2-1 at p. 2.) Romero alleged ineffective assistance of counsel on several theories, primarily arguing that his trial counsel, Miguel Rodriguez-Cartagena ("Rodriguez"), neglected to call an exculpatory witness, Victor Quiñones-Ruiz ("Quiñones"), to testify at trial. (Docket No. 49 at pp. 6-9.)  Romero attached a sworn statement by Quiñones to his Rule 192.1 motion in which Quiñones states that he pled guilty to the crimes for which Romero was convicted and that he knew that Romero was innocent.  (Docket Nos. 28-3 at pp. 2-3; 2-1 at pp. 3-4.)  The Utuado trial court limited its Rule 192.1 inquiry to deciding whether attorney Rodriguez's decision to not call Quiñones to testify at trial violated Romero's right to effective assistance of counsel.  (Docket No. 28-3 at pp. 8-9.)

The Utuado trial court held a three-day evidentiary hearing for Romero's Rule 192.1 motion.  (Docket No. 28-3 at p. 3.)  At the

---

[1] In Puerto Rico, a petitioner seeking relief pursuant to 28 U.S.C. § 2254 "must complete at least one full round of post-conviction relief by pursuing the remedy provided by Rule 192.1 *all the way* to the Puerto Rico Supreme Court."  Martinez-Gonzalez v. Rodriguez-Madera, Civ. No. 13-1005 (SEC), 2013 WL 625312, at *2 (D.P.R. Feb. 20, 2013) (internal citations omitted).

hearing, Romero testified that he was innocent of the crimes for
which he was convicted and that Quiñones would have testified to
that at trial had attorney Rodriguez called him to the stand. Id.
at p. 4. Attorney Rodriguez also testified at the hearing, stating
that he had interviewed Quiñones before trial, for three hours, and
determined that Quiñones' testimony would not have been favorable
to Romero. Id. at p. 6. Specifically, Rodriguez testified that
Quiñones told him that Romero took part in the crime by handing
Quiñones the piece of wood with which Quiñones committed the
murder. Id. at pp. 6-7; Docket No. 40-2 at p. 119. Rodriguez
indicated that he told Romero this information, but that Romero
still insisted on Quiñones being called to testify, so Rodriguez
announced Quiñones as a witness. (Docket No. 40-2 at pp. 127-28.)
On the day of trial, Quiñones wavered in testifying and did not
wish to take the stand, according to Rodriguez. (Docket No. 28-3
at p. 7.) Rodriguez declined to call Quiñones and instead placed
him at the disposal of the prosecution so that, if the prosecution
chose to call him, Rodriguez could cross-examine him. (Docket
No. 40-2 at p. 174.) The prosecution, however, did not call
Quiñones. Id. The Utuado trial court determined that it was not
necessary to hear Quiñones during the Rule 192.1 evidentiary
hearing because the testimony of attorney Rodriguez and Romero was
sufficient. Id. at p. 8.

The Utuado trial court ultimately credited the testimony of attorney Rodriguez over Romero's testimony.  (Docket No. 28-3 at pp. 24-25.)  It also examined the record and noted that at Romero's trial, in open court and in the presence of Romero, counsel for Romero's co-defendant waived the presentation of Quiñones as a witness, informing the court that Quiñones' testimony "was not directed to establish[ing] that [Romero and his co-defendant] were not at the scene."  Id.  The Utuado trial court accordingly found that Quiñones' testimony at trial would not have constituted exculpatory evidence.  Id.  Accordingly, on December 3, 2010, the Utuado trial court determined that Romero did not receive ineffective assistance of counsel and denied his Rule 192.1 motion for a new trial on that ground.  Id.  The Puerto Rico Court of Appeals affirmed on May 17, 2012, issuing a thorough and well-reasoned opinion.  (Docket No. 28-3.)  The Puerto Rico Supreme Court denied Romero's request for *certiorari* on October 19, 2012. (Docket No. 2-1 at p. 3.)

Romero filed his petition for a writ of *habeas corpus* on September 25, 2013.  (Docket No. 2.)  He filed two supplements to his petition: the first *pro se* and the second through Court-appointed counsel.  (Docket Nos. 2-1 & 16.)  In his first supplement, petitioner Romero raises ineffective assistance of counsel, due process, and equal protection claims, enumerating several grounds for each claim.  (Docket No. 2-1 at pp. 3-5.)  One

of the enumerated grounds for the ineffective assistance of counsel claim is attorney Rodriguez's failure to call Quiñones, an "essential defense witness," to testify at trial.  Id.

In his second supplement, Romero adds another ground for his ineffective assistance of counsel claim.  (Docket No. 16.)  Romero quotes the minutes from his trial on April 6, 2006, which summarize attorney Rodriguez's opening statements to the jury, delivered after the prosecution rested:

> Atty. Rodriguez informs that although the defendant [Romero] does not have to present evidence, testimonial evidence will be presented to prove that Ruben Alicea is a liar and he does it in order to avoid going to jail. That [Alicea] is a convict.  That [Alicea] wants [Romero] to rot away in jail when [Romero] is in fact innocent.

Id. at p. 4; Docket No. 40-1.  Romero explains that Quiñones' testimony would have fulfilled his attorney's promise to the jury because Quiñones would have testified that Ruben Alicea, the government witness who denied involvement and inculpated Romero, participated in the crime and that Romero did not.  (Docket No. 16 at p. 5.)  According to Romero's allegations, however, attorney Rodriguez never presented the testimonial evidence promised to the jury.  Id. at p. 2.

On September 30, 2013, the Court referred the matter to Magistrate Judge Velez-Rive pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).  (Docket Nos. 6-7.)

Respondents then moved to dismiss the petition, arguing that Romero failed to exhaust the available state court remedies on some

claims and that his petition otherwise failed to state a claim upon
which relief can be granted.  (Docket No. 24.)  Because respondents
specifically raised the issue of exhaustion, the magistrate judge
examined Romero's Rule 192.1 motion and determined that his current
*habeas corpus* petition contains both exhausted and unexhausted
claims.  (Docket No. 50.)  In accordance with the "best practice"
articulated by the First Circuit Court of Appeals, <u>see</u> <u>DeLong v.</u>
<u>Dickhaut</u>, 715 F.3d 382, 387 (1st Cir. 2013), the magistrate judge
gave Romero an opportunity to dismiss his unexhausted claims,
(Docket No. 50).  Petitioner Romero complied, moving to
"voluntarily dismiss the unexhausted claims, which are all but the
ineffective assistance of counsel claim, for failure to put an
exculpatory witness on the witness stand."  (Docket No. 51 at
pp. 1-2.)

     The magistrate judge issued an R & R recommending that
respondent's motion to dismiss be granted.  (Docket No. 52.)
Petitioner Romero timely objected to the R & R pursuant to 28
U.S.C. § 636(b)(1).  (Docket No. 53.)  Romero's objections focus on
attorney Rodriguez's alleged error of promising the jury testimony
that he knew or should have known would not be produced.  <u>Id.</u>
Romero is entitled to a *de novo* determination of the portion of the
R & R to which he specifically objects.  <u>See</u> 28 U.S.C. § 636(b)(1).
In conducting its review, the Court is free to "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

## II.  AEDPA STANDARD

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 sets several limits on a federal court's power to grant a state prisoner's petition for a writ of *habeas corpus*.  Section 2254(a) permits a federal court to entertain petitions only if it is alleged that the state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Section 2254(b)(1) provides that a federal court may not grant a petition for *habeas corpus* unless the petitioner has exhausted remedies available in state court.  Id. § 2254(b)(1).

Pursuant to section 2254(d), if the petition includes a claim that was denied on the merits in state court, the federal court may not grant the petition with respect to that claim unless the state adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).  This standard is "difficult to meet," and the petitioner "must show that the state court's ruling on the claim

Civil No. 13-1724 (FAB)                                                    9

being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 102-03 (2011).  Section 2254(e)(1) further requires the federal court to presume the correctness of the state court's factual findings unless the petitioner rebuts this "presumption of correctness" with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Section 2254's "highly deferential standard for evaluating state-court rulings" ensures that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." Cullen v. Pinholster, 131 S. Ct. 1388, 1398, 1401 (2011) (internal quotation marks and citations omitted).

### III.  ANALYSIS

Petitioner Romero seeks a writ of *habeas corpus*, claiming that he received ineffective assistance of counsel in violation of the Sixth Amendment when attorney Rodriguez (1) failed to call Quiñones to testify as an exculpatory witness, and (2) promised the jury testimonial evidence that he knew or should have know would not be delivered.  (Docket Nos. 2-1 at pp. 3-4; 16 at p. 2.)  The Court addresses each of these grounds in turn.

Civil No. 13-1724 (FAB)                                               10

## A.   Failure to Call Quiñones to Testify

An ineffective assistance of counsel claim is governed by the principles set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Pursuant to Strickland, a defendant alleging ineffective assistance of counsel must establish two elements:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.  As to the first element, a defendant must show that her counsel's representation "fell below an objective standard of reasonableness," and "[j]udicial scrutiny of counsel's performance must be highly deferential."  Id. at 688-89.

Because Romero's ineffective assistance of counsel claim for the failure to call Quiñones to testify was adjudicated and rejected on the merits in state court, (Docket No. 28-3), the Court must analyze the claim pursuant to the two prongs of 28 U.S.C. § 2254(d).  Accordingly, the Court may not grant Romero's petition unless:  (1) the Utuado trial court made an unreasonable factual determination in light of the evidence before it, or (2) the Utuado trial court's application of the Strickland standard was unreasonable.  See 28 U.S.C. § 2254(d)(1)-(2).

The Utuado trial court heard testimony from attorney Rodriguez and Romero, among others, during a three-day evidentiary hearing on Romero's Rule 192.1 motion.  It also received a sworn declaration from Quiñones and reviewed the trial record.  The court ultimately credited attorney Rodriguez's testimony and discredited the testimony of Romero.  (Docket No. 28-3 at pp. 24-25.)  Thus, the Utuado trial court spoke clearly, and the Puerto Rico Court of Appeals "resoundingly endorsed its credibility assessment."  See id. at pp. 24-25, 28-29; Sanna v. Dipaolo, 265 F.3d 1, 10 (1st Cir. 2001).

Pursuant to 28 U.S.C. § 2254(e)(1), the Court must presume that the Utuado trial court's factual finding is correct unless petitioner Romero provides "clear and convincing evidence" to the contrary.  The only evidence Romero marshals to meet this burden is an unsworn declaration under penalty of perjury by Quiñones dated February 10, 2014.  (Docket No. 16-1.)  In it, Quiñones states that he has "always been available . . . to testify as a witness that [Romero] had nothing to do with the murder[] and was not present at the murder."  Id. at p. 2.  But the Utuado trial court had a sworn statement by Quiñones and discredited it, finding attorney Rodriguez's testimony more credible.  "Under these circumstances, it would be wholly inappropriate for a federal court to repastinate soil already thoroughly plowed and delve into the veracity of the witnesses on habeas review."  See Sanna, 265 F.3d at 10.  Thus,

because the Utuado trial court based its factual finding that Quiñones' testimony would not have been exculpatory on a plausible credibility determination, petitioner Romero's claim does not meet section 2254(d)(2)'s standard for federal *habeas corpus* relief.

Analyzing Romero's claim through the lens of section 2254(d)(1), the "pivotal question is whether the state court's application of the <u>Strickland</u> standard was unreasonable," which "is different from asking whether defense counsel's performance fell below <u>Strickland</u>'s standard." <u>Harrington</u>, 562 U.S. at 101; <u>accord Yeboah-Sefah v. Ficco</u>, 556 F.3d 53, 70 (1st Cir. 2009). Thus, a "doubly deferential judicial review . . . applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009). Accepting as true the Utuado trial court's factual finding that Quiñones' trial testimony would not have been exculpatory, as 28 U.S.C. § 2254(e)(1) requires, there is simply no basis for the allegation that attorney Rodriguez deficiently performed by failing to call Quiñones: his testimony would not have helped, and could have potentially harmed, Romero's defense. Thus, the Utuado trial court did not unreasonably apply the <u>Strickland</u> standard when it concluded that Rodriguez's failure to call Quiñones did not amount to ineffective assistance of counsel.

Romero's ineffective assistance of counsel claim based on the failure to call Quiñones to testify thus fails both prongs of 28

U.S.C. 2254(d).  The Court accordingly **GRANTS** respondents' motion to dismiss this claim.

**B.   Unfulfilled Promise to the Jury**

Romero's second supplement to his petition and his objections to the R & R focus on his claim that attorney Rodriguez provided ineffective assistance when he promised the jury "testimonial evidence" that would prove that a government witness wrongly inculpated Romero in order to cover-up his own involvement because Rodriguez knew or should have known that such evidence would not be presented.  (Docket Nos. 16 at p. 4; 53 at p. 10.)  In some cases, a defense counsel's unfulfilled promise to a jury that she will produce a witness at trial constitutes ineffective assistance. See, e.g., Anderson v. Butler, 858 F.2d 16, 17, 19 (1st Cir. 1988) (finding ineffective assistance when counsel told jury in opening that he would call a psychiatrist and a psychologist to testify as to the defendant's state of mind and then rested his case the next day without calling any doctors); Harris v. Reed, 894 F.2d 871, 873, 879 (7th Cir. 1990) (finding ineffective assistance when counsel assured the jury that it would hear evidence supporting the defendant's account of the shooting and then failed to call any witnesses).  The Court does not reach the merits of this claim, however, because petitioner Romero failed to properly exhaust the claim in state court.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a *habeas* petitioner must "exhaust[] the remedies available in the courts of the State" before seeking relief in federal court.  This exhaustion requirement "is born of the principle 'that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'"  Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011) (quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)). Accordingly,

> a habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of this federal claim. . . .  To carry this burden, the petitioner must demonstrate that he tendered each claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.

Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997) (internal quotation marks and citations omitted).  Put another way, "'the legal theory [articulated] in the state and federal courts must be the same.'"  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (alteration in original) (quoting Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987)).

The Court has reviewed Romero's Rule 192.1 motion presented to the Utuado trial court.[2]  See Docket No. 49.  In the motion, Romero

---

[2] Rule 192.1 requires a petitioner to include in her motion "*[a]ll the grounds* which [she] may have to seek the remedy provided in the rule."  P.R. Laws Ann. Tit. 34, App. II, R. 192.1(a) (emphasis added).

identifies the Sixth Amendment as the constitutional basis for his ineffective assistance of counsel claim.  <u>Id.</u> at pp. 3-4.  He then lists several factual and legal grounds for this claim, none of which include the alleged unfulfilled promise in attorney Rodriguez's opening statement.  <u>Id.</u> at pp. 5-8.  Thus, Romero did not fairly present to the state court this factual basis for his claim.  <u>See</u> <u>Adelson</u>, 131 F.3d at 262.  Romero now attempts to advance a legal theory in federal *habeas* court that he did not articulate to the state court.  <u>See</u> <u>Clements</u>, 485 F.3d at 162.  To consider the merits of this claim when the state court did not have an opportunity to act on it would disrespect the principle of comity.  <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 420, 437 (2000) ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.").  As the First Circuit Court of Appeals has acknowledged, *habeas* counsel "often confront an inhospitable legal landscape, and the problem is complicated by the intricacies of the exhaustion requirement.  [The Court] must, however, apply that requirement impartially."  <u>Adelson</u>, 131 F.3d at 264.  The Court thus **GRANTS** respondents' motion to dismiss Romero's claim based on attorney Rodriguez's alleged unfulfilled promise to the jury for want of exhaustion.

### IV.   CONCLUSION

After making an independent examination of the record in the case, including petitioner Romero's objections, the Court modifies in part and rejects in part the magistrate judge's R & R, (Docket No. 52).  The Court **GRANTS** respondents' motion to dismiss, (Docket No. 24).  Romero's exhausted claim of ineffective assistance of counsel based on the failure to put an alleged exculpatory witness on the stand is **DISMISSED WITH PREJUDICE.**  Romero's remaining unexhausted claims, including the ineffective assistance of counsel claim based on the alleged "unfulfilled promise to the jury," are **DISMISSED WITHOUT PREJUDICE.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 13, 2015.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE